# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN LOVCI,<br><br>                      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>                      Defendant. | Case No.: 23-cv-1109-WQH-BGS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF 2]** |

      Plaintiff has filed a Complaint seeking judicial review of a decision by the Commissioner of Social Security denying disability benefits. (ECF 1.) She has not paid the civil filing fee required to commence this action, and by this motion, she moves to proceed *in forma pauperis* (IFP). (ECF 2.) This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c). For the following reasons, **IT IS RECOMMENDED** that the motion be **DENIED** without prejudice.

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a); *see* 28 U.S.C. § 1914(a) (requiring a party instituting a civil action to pay a filing fee of $350 as well as a $50 administrative fee). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the Court grants leave to proceed IFP under 28 U.S.C. § 1915(a), which states:

           [A]ny court of the United States may authorize the

> commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

The determination of indigency is in the district court's discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds by* 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessitates of life." *Id.* The Court may consider a plaintiff's spouse's financial resources in determining whether a plaintiff is entitled to IFP status. *Garcia de Carrillo v. Comm'r of Soc. Sec.*, 2022 WL 2134703, *2 (E.D. Cal. May 11, 2022). Significant assets suggest an ability to pay the filing fee without sacrificing the necessities of daily life. See *Kaur v. Comm'r of Soc. Sec.*, No. 1:22-cv-00367-SAB, 2022 WL 1023975, at *2 (E.D. Cal. Apr. 1, 2022) (holding that ownership of a home worth $345,000 and three cars worth $23,837, $23,069, and $4,464, respectively, and the plaintiff's income exceeding the applicable federal poverty line suggested the plaintiff had the ability to pay a $402 filing fee), *report and recommendation vacated*, No. 1:22-cv-00367-DAD-SAB, 2022 WL 1018276 (E.D. Cal. Apr. 5, 2022) (vacating findings and recommendations as moot after plaintiff paid filing fee). In assessing whether a certain income level meets the poverty threshold under § 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *McMillen v. Comm'r of Soc. Sec.*, No. 22-cv-00925-SAB, 2022 WL 4099069, * 1 (Aug. 5, 2022).

Plaintiff's IFP application indicates that her gross monthly income is $0 and that her

spouse's average gross monthly income is $2,947.20.  (ECF 2 at 1.)  Plaintiff has a 17-year-old son who relies on her or her spouse for support.  (*Id.* at 3.)  Plaintiff's spouse's annual household gross income of $35,366.40 is significantly higher than the 2023 federal poverty guideline for a household of three persons, which is $24,860.  *See* 2023 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited July 10, 2023). Furthermore, Plaintiff or her spouse owns a home valued at $560,000 and three automobiles valued at $4,100, $9,800, and $12,000, respectively.  (*Id.* at 3.)  Although she states that her spouse's average monthly expenses are $3002 (she states that hers are $0) (*id.* at 4-5), which exceed her spouse's gross monthly income, and she states that neither she nor her spouse has any money in bank accounts or other financial institutions (*id.* at 2), Plaintiff does not indicate that she does not have access to the substantial assets reported in her application, which are owned by her or her spouse.[1]  Plaintiff's application also includes a narrative stating that she is "living [with] family right now," has no income because she cannot work, and that her spouse contributes to the mortgage and "pays all of our expenses" (*id.* at 5); however, again, Plaintiff does not indicate that she does not have access to the substantial assets reported in her application.  *See Kaur*, 2022 WL 1023975, at *2.  The Court finds that Plaintiff fails to allege poverty with "particularity, definiteness, and certainty."  *See Escobedo*, 787 F.3d at 1234.

For this reason, **IT IS RECOMMENDED** that the District Court issue an Order **DENYING** without prejudice the motion to proceed IFP.

**IT IS ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **July 31, 2023**. The document should be captioned "Objections to Report and Recommendation."

---

[1] The Ninth Circuit has stated that a "marital arrangement may, for good reason, not include sharing income, or a spouse will have his or her own expenses (child support, say, for children of a prior marriage) with little or nothing left over to share," and that, "[f]or any number of reasons, one spouse's funds may simply not be available to the other spouse." *Escobedo*, 787 F.3d at 1236.

1
2
3  Dated: July 17, 2023
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*[signature]*
Hon. Bernard G. Skomal
United States Magistrate Judge